ORIGINAL

FILED

1   CHARLES F. PREUSS (State Bar No. 45783)
    MICHAEL J. STORTZ (State Bar No. 139386)
2   KRISTA L. COSNER (State Bar No. 213338)
    DRINKER BIDDLE & REATH LLP
3   50 Fremont Street, 20th Floor
    San Francisco, California 94105
4   Telephone: (415) 591-7500
    Facsimile: (415) 591-7510
5
    Attorneys for Defendants    E-filing
6   SMITHKLINE BEECHAM CORPORATION dba
    GLAXOSMITHKLINE and McKESSON
7   CORPORATION

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA     EMC

10                     SAN FRANCISCO DIVISION

11                        CV  08   1752

12  CHARLES FOWLER,                        | Case No.

13                  Plaintiff,             | **NOTICE OF REMOVAL AND
                                           | REMOVAL ACTION UNDER 28 U.S.C.
14            v.                           | § 1441(B) (DIVERSITY) and 28 U.S.C. §
                                           | 1441(C) (FEDERAL QUESTION) OF
15  SMITHKLINE BEECHAM                     | DEFENDANT SMITHKLINE
    CORPORATION dba                        | BEECHAM CORPORATION d/b/a
16  GLAXOSMITHKLINE; McKESSON             | GLAXOSMITHKLINE
    PHARMACY SYSTEMS; and DOES 1           |
17  through 15, inclusive,                 |

18                  Defendants.

19

20  **TO THE CLERK OF THE COURT:**

21       Defendant SMITHKLINE BEECHAM CORPORATION dba

22  GLAXOSMITHKLINE ("GSK"), hereby removes to this court the state action described

23  below.  Removal is warranted under 28 U.S.C. § 1441 because this is an action over

24  which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332.

25  **I.    BACKGROUND**

26       1.    On February 28, 2008, Plaintiff Charles Fowler ("Plaintiff"), commenced

27  this action in the Superior Court of the State of California for the County of San

28  Francisco.  A true and correct copy of the Complaint in the action is attached as Exhibit

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  "A" to the Declaration of Krista L. Cosner in Support of Notice of Removal and Removal

2  Action under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. § 1441(c) (Federal

3  Question) of Defendant SmithKline Beecham Corporation dba GlaxoSmithKline

4  (hereinafter "Cosner Decl.").

5      2.    Defendants filed their answer to Plaintiffs' Complaint on April 1, 2008. A

6  true and correct copy of the Complaint in the action is attached as Exhibit "B" to Cosner

7  Decl. There have been no additional proceedings in the state court action. Cosner Decl. ¶

8  3.

9      3.    This is one of many cases that have been filed recently in both federal and

10  state court across the country involving the prescription drug Avandia®. Cosner Decl. ¶

11  6.

12     4.    On October 16, 2007, the Judicial Panel on Multidistrict Litigation

13  ("JPML") issued an order directing that then-pending Avandia-related cases be

14  transferred and coordinated for pretrial proceedings in the United States District Court for

15  the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to

16  28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*

17  *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (a true and correct copy of which is

18  attached as Exhibit "B" to Cosner Decl.). Additional Avandia-related cases pending in

19  federal court, which are common to the actions previously transferred to the Eastern

20  District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along

21  actions. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).

22  GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*

23  *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and

24  shortly will provide the JPML with notice of this action pursuant to the procedure for

25  "tag along" actions set forth in the rules of the JPML. Cosner Decl. ¶ 8.

26     5.    As more fully set forth below, this case is properly removed to this Court

27  pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for

28  removal and this Court has subject matter jurisdiction over this action pursuant to 28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

SF1\3962521\1    NOTICE OF REMOVAL AND REMOVAL    CASE NO.

1    U.S.C. §§ 1331 and 1332.

2    **II.    DIVERSITY JURISDICTION**

3    6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

4    because this is a civil action in which the amount in controversy exceeds the sum of

5    $75,000, exclusive of costs and interest, and is between citizens of different states.

6    **A.    Diversity Of Citizenship**

7    7.    Plaintiff, Charles Fowler, is a citizen of the State of North Carolina. *See*

8    Cosner Decl., Exh. A, ¶ 2.

9    8.    GSK is, and was at the time Plaintiff commenced this action, a corporation

10   organized under the laws of the Commonwealth of Pennsylvania with its principal place

11   of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for

12   purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Cosner Decl. ¶ 9.

13   9.    For the reasons set forth below, the remaining named defendant –

14   McKesson Corporation (improperly sued as McKesson Pharmacy Systems), a Delaware

15   corporation, with its principal place of business in San Francisco, California is

16   fraudulently joined in this lawsuit and its citizenship must be ignored for the purpose of

17   determining the propriety of removal. *See* Declaration of Gregory Yonko in support of

18   Notice of Removal and Removal Action under 28 U.S.C. § 1441(b) (Diversity) and 28

19   U.S.C. § 1441(c) Federal Question) of Defendant SmithKlineBeecham Corporation dba

20   GlaxoSmithKline, attached hereto as Cosner Decl. Exh. D.[1] Accordingly, there is

21   complete diversity of citizenship and the forum defendant rule is not implicated in this

22   case. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Waldon v.*

23

24   [1] The Declaration of McKesson's representative, Greg Yonko may be considered by the Court in
25   determining whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*, 412
     F.Supp.2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and
26   determine the basis of joinder by any means available") *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.
     Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder...federal courts may look beyond
27   the pleadings to determine if the joinder...is a sham or fraudulent device to prevent removal"). *See also
     Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the
28   removing party that there is no factual basis for the claims pleaded against the local defendant).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

SFI\396252\1    |    NOTICE OF REMOVAL AND REMOVAL    |    CASE NO.

1 | *Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18,
2 | 2007).

3 | **B.     The Amount In Controversy Requirement Is Satisfied**

4 | 10.     It is apparent on the face of the Complaint that Plaintiff seeks an amount in
5 | controversy in excess of $75,000, exclusive of costs and interest.

6 | 11.     Plaintiff alleges that as a result of his Avandia use, he has "suffered a stroke
7 | resulting in permanent damage to his brain and to his eyesite [sic]." *See* Cosner Decl.,
8 | Exh. A, ¶ 26.

9 | 12.     Plaintiff seeks to recover general damages; medical, hospital, and incidental
10 | expenses; amounts for loss of earnings and loss of earning capacity, as well as punitive
11 | and exemplary damages. *See* Cosner Decl., Exh. A, Prayer for Relief.

12 | 13.     Punitive damages are included in the calculation of the amount in
13 | controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

14 | 14.     Given the allegations set forth above, the face of the Complaint makes clear
15 | that Plaintiff seeks an excess of $75,000, exclusive of interest and costs. *See Simmons v.*
16 | *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

17 | **C.     The Citizenship Of McKesson Must Be Ignored Because McKesson Is**
18 | **Fraudulently Joined**

19 | 15.     A defendant is fraudulently joined, and its presence in the lawsuit is
20 | ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of
21 | action against the resident defendant, and the failure is obvious according to the settled
22 | rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001);
23 | *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, 494 F.3d. 1203, 1206,
24 | 2007 WL 2080179 at *1 (9th Cir. 2007).

25 | 16.     McKesson is fraudulently joined because Plaintiff has failed to make any
26 | material allegations against it. *See Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137
27 | (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material
28 | allegations against [the in-state defendants] are made").

1        17.    With respect to McKesson, Plaintiff's only allegation is that McKesson is,

2   and was, engaged in the business of marketing, distributing, promoting, advertising and

3   selling Avandia…" *Id.* at ¶ 4. Notably, however, Plaintiff fails to allege that he ingested

4   Avandia that was distributed by McKesson, compelling the conclusion that Plaintiff has

5   fraudulently joined McKesson in an attempt to defeat diversity jurisdiction. *See e.g.,*

6   *Lyons v. American Tobacco Co.*, No. CIV. A. 96-0881-BH-S, 1997 U.S. Dist. LEXIS

7   18365 (S.D. Ala. 1997) (holding that there is "no better admission of fraudulent joinder

8   of [the resident defendant]" than the failure of the plaintiff "to set forth any specific

9   factual allegations" against them). Plaintiff cannot cure this deficiency by relying, as he

10   does in the balance of his Complaint, on allegations directed towards "Defendants."

11        18.    In the body of the Complaint, Plaintiff asserts claims of: (1) strict products

12   liability – failure to warn; (2) negligence; (3) breach of implied warranty; (4) breach of

13   express warranty; (5) fraud; (6) fraud by concealment; and (7) negligent

14   misrepresentation. In these allegations, Plaintiff avers that collectively, "Defendants,"

15   defectively designed and manufactured Avandia and made misrepresentations about the

16   drug; failed to adequately and properly test and inspect Avandia; failed to use reasonable

17   care in the labeling, marketing, selling, advertising and promoting of Avandia; concealed

18   known risks and failed to provide adequate warnings and labeling. *See* Cosner Decl.,

19   Exh. A.

20        19.    These claims are substantively based on the design and manufacture of

21   Avandia, the adequacy of pre-clinical testing and post-marketing surveillance, failure to

22   warn, fraudulent concealment, and misrepresentation. As a wholesale distributor of

23   Avandia, McKesson played no role whatsoever in its promotion, marketing or

24   advertising. All McKesson did was pass along unopened boxes of Avandia, in

25   unadulterated form, to hospitals and other businesses in the healthcare industry. *See*

26   Cosner Decl., Exh. D, ¶¶ 6-7.

27        20.    Further, based on the "learned intermediary" doctrine, McKesson bore no

28   duty to warn Plaintiff. The "learned intermediary" doctrine, the foundation of

1   prescription drug product liability law, provides that the duty to warn about a drug's risks
2   runs from the manufacturer to the physician (the "learned intermediary"), and then from
3   the physician to the patient. *See Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d
4   1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal. 4th 1104,
5   1116 (1996). It is the physician, and only the physician, who is charged with prescribing
6   the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44
7   Cal. 3d at 1061-62.

8          21.    GSK and the FDA prepared the information to be included with the
9   prescription drug, Avandia, with the FDA having final approval of the information that
10  could be presented. Once the FDA has determined the form and content of the
11  information, it is a violation of federal law to augment the information. *See* 21 U.S.C.
12  §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration,
13  mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"
14  of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal.3d 1049, 1069
15  n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs,
16  including the content of their warning labels). Therefore, any safety and warning
17  information McKesson had about Avandia would have come from GSK in the form of
18  FDA-approved packaging and labeling. McKesson could not change the labeling it was
19  given by GSK as approved by the FDA without violating federal law. No duty can be
20  found where it requires a party to violate the law to fulfill it.

21         22.    As such, given the lack of a causal connection between the injuries alleged
22  by Plaintiff and McKesson's conduct, as well as the absence of any legal or factual basis
23  for Plaintiff's claims against McKesson, McKesson's joinder is fraudulent and its
24  citizenship should be ignored for purposes of determining the propriety of removal.

25  **III.    FEDERAL QUESTION JURISDICTION**

26         23.    This Court has federal question jurisdiction over Plaintiff's claims under 28
27  U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue*
28  *Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

6

1  24.    As more fully explained below, Plaintiff has made violations of federal law

2  critical elements of several of his claims.

**A.    Plaintiff's Claims Require Construction And Application Of The
FDCA And Its Implementing Regulations**

25.    Plaintiff's First Cause of Action, "Strict Products Liability – Failure to
Warn," Second Cause of Action, "Negligence," Fourth Cause of Action, "Breach of
Express Warranty," and Seventh Cause of Action, "Negligent Misrepresentation," each
require construction and application of the Federal Food, Drug and Cosmetic Act
("FDCA") and implementing federal regulations, which govern approval of prescription
drugs and regulate prescription drug manufacturers' public and promotional statements,
including all aspects of warnings and labeling. *See* Cosner Decl., Exh. A.

26.    As a currently-marketed prescription drug, Avandia is subject to extensive
regulation by the FDA.  The FDCA requires the FDA to ensure that "drugs are safe and
effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and
officially reviewing clinical research and taking appropriate action on the marketing of
regulated products." 21 U.S.C. § 393(b)(1).  The Secretary of the FDA has the authority
to promulgate regulations to enforce the FDCA, which are codified in the *Code of
Federal Regulations*, 21 C.F.R. § 200, *et seq.  See* 21 U.S.C. § 371(a).

27.    To accomplish its purpose, the FDA maintains a Center for Drug
Evaluation and Research (the "CDER").  The CDER regulates pharmaceutical
companies' development, testing and research, and manufacture of drugs.  The CDER
examines data generated by these companies to conduct a risk/benefit analysis and make
an approval decision.  The CDER also ensures truthful advertising for prescription drugs,
in part by approving Package Inserts that properly outline benefit and risk information.
Once drugs are marketed, the CDER continues to monitor them for unexpected health
risks that may require public notification, a change in labeling, or removal of the product
from the market.  In short, the CDER evaluates and monitors the effectiveness and safety
of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

7

SF1\396252\1   NOTICE OF REMOVAL AND REMOVAL   CASE NO.

1    28.    Promotional communications to physicians about Avandia are contained

2    within, and restricted by, warning, labeling, and promotional materials, such as the

3    Package Insert, that are approved and monitored by the FDA to ensure the provision of

4    accurate information about the drug's respective risks and benefits.  Under federal

5    regulations, even claims in promotional labeling or advertising must be consistent with

6    approved labeling.  21 C.F.R. § 202.1(e)(4) (2005).

7    29.    The FDA's responsibility to regulate prescription drugs sold in the United

8    States, and to enforce laws with respect to such drugs, inclusive of the precise content

9    and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions,

10    adverse reaction information provided by manufacturers, and marketing materials), is

11    plenary and exclusive.  *See* 21 U.S.C. § 301, *et seq*

12    30.    Plaintiff has made alleged violations of federal law a critical element of his

13    claims.  Accordingly, Plaintiff's claims necessarily raise substantial federal questions by

14    requiring the Court to construe and apply the FDCA and its implementing regulations.

15    **B.    Federal Control Of Drug Labeling And Warning**

16    31.    On January 24, 2006, the FDA announced a rule that includes a detailed

17    and emphatic statement of the FDA's intention that its regulation and approval of

18    prescription drug labeling preempt most state law claims related to the adequacy of

19    prescription drug warnings because such claims frustrate "the full objectives of the

20    Federal law."  *See* Requirements on Content and Format of Labeling for Human

21    Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA

22    believes that under existing preemption principles, FDA approval of labeling under the

23    act. . . . preempts conflicting or contrary State law.").  *See also In re Bextra and Celebrex*

24    *Marketing,* 2006 WL 2374742 (N.D. Cal., August 16, 2006) (Celebrex decision); *In re*

25    *Bextra and Celebrex Marketing,* 2006 WL 2472484 (N.D. Cal., August 24, 2006) (Bextra

26    decision).

27    32.    Plaintiff alleges that Defendants failed to disclose certain risks of Avandia.

28    *See e.g.,* Cosner Decl., Exh. A, ¶ 15.  This allegation necessarily requires Plaintiff to

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

8

1   establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would

2   have approved the warning the Plaintiff alleges should have been given.

3       33.     Accordingly, there is a substantial federal question with respect to whether

4   Plaintiff can claim that GSK violated state law in light of the FDA's control of Avandia's

5   labeling and warning and its position on conflict preemption.

6       **C.     The Federal Interest In Providing A Forum**

7       34.     The federal government has a strong interest in having a federal court

8   decide several of the issues in this case. Among these issues are:

9           a.      whether any conduct of GSK violated any federal laws or

10               regulations related to the labeling and marketing of Avandia; and

11          b.      whether the FDA-approved Avandia label was false and misleading,

12               as alleged by Plaintiff, and whether a state may impose liability on

13               GSK for not providing more information regarding alleged risks, as

14               Plaintiff contends GSK should have done.

15      35.     Plaintiff's claims may be vindicated or defeated only by construction of

16  federal statutes and regulations. The availability of a federal forum to protect the

17  important federal interests at issue is therefore consistent with *Grable*, and determination

18  by a federal court of the substantial and disputed federal issues that lie at the heart of this

19  case would not "disturb any congressionally approved balance of federal and state

20  judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

21  **IV.   CONFORMANCE WITH PROCEDURAL REQUIREMENTS**

22      36.     This Court has jurisdiction over this matter based on federal question and

23  diversity of citizenship, and the present lawsuit may be removed from the Superior Court

24  of the State of California for the County of San Francisco, and brought before the United

25  States District Court for the Northern District of California pursuant to 28 U.S.C. §§

26  1331, 1332 and 1441.

27      37.     Defendant McKesson was served with Plaintiff's Complaint on March 3,

28  2008. *See* Cosner Decl., Exh. D, ¶ 10. Defendant GSK has not yet been served.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

9

1  Therefore, this Removal has been timely filed within 30 days of service, pursuant to 28
2  U.S.C. § 1446(b).

3      38.    All of the properly joined and served defendants consent to this removal.
4  McKesson's consent to remove is not necessary because it is fraudulently joined. *See,*
5  *e.g. Easley v. 3M Company, et al.*, 2007 WL 2888335 (N.D. Cal. 2007) *citing Emrich v.*
6  *Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

7      39.    The United States District Court for the Northern District of California is
8  the federal judicial district encompassing the Superior Court of the State of California for
9  the County of San Francisco, where this suit was originally filed. Venue therefore is
10 proper in this district under 28 U.S.C. § 1441(a).

11     40.    Pursuant to the provisions of 28 U.S.C §1 446(d), GSK will promptly file a
12 copy of this Notice of Removal with the clerk of the Superior Court of the State of
13 California for the County of San Francisco, where this suit was originally filed.

14     41.    Defendant reserves the right to amend or supplement this Notice of
15 Removal.

16     **WHEREFORE**, GSK respectfully removes this action from the Superior Court of
17 the State of California for the County of San Francisco to the United States District Court
18 for the Northern District of California, pursuant to 28 U.S.C. § 1441.

19

20 Dated: April ⌠ , 2008           DRINKER BIDDLE & REATH LLP

21

22                                 KRISTA L. COSNER

23                                 Attorneys for Defendants
24                                 SMITHKLINE BEECHAM
CORPORATION dba
25                                 GLAXOSMITHKLINE and McKESSON
CORPORATION

26

27

28

JS 44 - CAND (Rev. 11/04)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES FOWLER | SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE; AND MCKESSON CORPORATION (improperly sued as McKesson Pharamcy Systems) |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    NORTH CAROLINA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Philadelphia, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nancy Hersh, Esq.
Hersh & Hersh
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102
(415) 441-5544

ATTORNEYS (IF KNOWN)
Charles F. Preuss, Esq.
Krista L. Cosner, Esq.
Drinker Biddle & Reath
50 Fremont St., 20th Floor
San Francisco, CA 94105

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

|  |  |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)
AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**    (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Label & Slander | ☐ 368 Asbestos Personal Injury Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION**    (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C  Section 1332

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ See below In excess of jurisdictional amount.   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AN "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE APRIL 1, 2008    SIGNATURE OF ATTORNEY OF RECORD Krista L. Cosner

NDC-JS44