ORIGINAL

CHARLES F. PREUSS (State Bar No. 45783)
MICHAEL J. STORTZ (State Bar No. 139386)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

FILED
E-filing RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
APR - 1 2008

Attorneys for Defendants
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE and McKESSON
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EMC

CV 08. 1752

| CHARLES FOWLER, | CASE No. |
|---|---|
| Plaintiff, | DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL, UNDER 28 U.S.C. § 1441(B) (DIVERSITY) and 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE |
| v. | |
| SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE; McKESSON PHARMACY SYSTEMS; and DOES 1 through 15, inclusive, | |
| Defendants. | |

I, KRISTA L. COSNER, declare:

1.    I am an attorney admitted to practice before all courts of the State of

California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for

SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK") and

McKESSON CORPORATION ("McKesson") (collectively, "Defendants") in this action.

I make this Declaration based on my personal knowledge, in support of Defendant GSK's

removal of *Charles Fowler v. GlaxoSmithKline, et al.*, San Francisco Superior Court

Case Number CGC-08-472715, to this Court.  I would and could competently testify to

the matters stated in this Declaration if called as a witness.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1    2.    A true and accurate copy of the Complaint in this action is attached as

2    **Exhibit A**.

3    3.    A true and accurate copy of the Defendants' Answer to the Complaint

4    ("Answer") in this action is attached as **Exhibit B**. The Complaint and the Answer are

5    the only state court pleadings known to Defendants to have been filed in this action.

6    4.    A true and accurate copy of the Judicial Panel on Multidistrict Litigation's

7    Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability*

8    *Litigation*, MDL 1871 (E.D.P.A.) is attached as **Exhibit C**.

9    5.    The Declaration of Greg Yonko In Support of Defendant's SmithKline

10    Beecham's Notice of Removal and Removal Action Under 28 U.S.C. § 1441(b)

11    (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) of Defendant SmithKline

12    Beecham Corporation dba GlaxoSmithKline in *Dorothy Bone, et al. v. SmithKline*

13    *Beecham Corporation et al.* is attached as **Exhibit D**.

14    6.    This is one of many cases that have been filed recently in both federal and

15    state courts across the country involving the prescription drug Avandia.

16    7.    Plaintiff's counsel, Hersh & Hersh, has filed Avandia cases in both state

17    and federal courts, but only in the cases filed in California has Hersh & Hersh named

18    McKesson or any distributor as a defendant.

19    8.    GSK intends to seek the transfer of this action to that Multidistrict

20    Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*,

21    MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the

22    procedure for "tag along" actions set forth in the rules of the JPML.

23    9.    GSK is, and was at the time plaintiff commenced this action, a corporation

24    organized under the laws of the Commonwealth of Pennsylvania with its principal place

25    of business in Philadelphia, Pennsylvania, and therefore is a citizen of Pennsylvania for

26    purposes of determining diversity.

27    10.    McKesson was served with the Complaint on March 3, 2008.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

SF1\3962531\1    DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL    CASE NO.

1

2      I declare under penalty of perjury under the laws of the United States of America that

3   the foregoing is true and correct. Executed on this 1st day of April, 2008 in San Francisco,

4   California.

5

6

7      KRISTA L. COSNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL                CASE NO.

# EXHIBIT A

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

Attorneys for Plaintiff

SUMMONS ISSUED
**F I L E D**
San Francisco County Superior Court

FEB 2 8 2008

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk
P. MATT

CASE MANAGEMENT CONFERENCE SET

AUG – 1 2008 -9ªª AM

DEPARTMENT 212

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### SAN FRANCISCO COUNTY

CGC-08-472715

|  |  |
|---|---|
| CHARLES FOWLER, | **CASE NUMBER** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, MCKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN, inclusive, | **[PRODUCTS LIABILITY]** |
| Defendants. | 1. Strict Liability-Failure to Warn<br>2. Negligence<br>3. Breach of Implied Warranty<br>4. Breach of Express Warranty<br>5. Fraud<br>6. Fraud by Concealment<br>7. Negligent Misrepresentation |

### DEMAND FOR JURY TRIAL

1.

Plaintiff herewith requests a trial by jury as to all issues of material fact.

2.

Plaintiff CHARLES FOWLER is, and was, at all relevant times, a resident of North Carolina.

3.

Defendant GLAXOSMITHKLINE (GSK) is a pharmaceutical company, who make a variety of prescription drugs including those for Diabetes Mellitus. Defendant

- 1 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SMITHKLINE BEECHAM CORPORATION is a U.S. CORPORATION d/b/a GLAXOSMITHKLINE in California.

4.

Defendant McKESSON CORPORATION ("McKESSON") is a corporation with its principal place of business at One Post Street, San Francisco, California 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in the business of marketing, distributing, promoting, advertising and selling AVANDIA nationwide and in the State of California.

5.

Plaintiff does not know the true names of the Defendants sued herein as DOES ONE through FIFTEEN, inclusive, and each of them. Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

6.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

7.

Defendants SmithKlineBeecham, GlaxoSmithKline, Inc., McKesson and Does One through Fifteen will hereafter be referred to as "Defendants".

8.

At all times relevant to this action, Defendants, and each of them, intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of AVANDIA and advertised, promoted, marketed, sold and distributed AVANDIA as a safe pharmaceutical when, in fact, Defendants, and each of them, knew that AVANDIA were not safe for its intended purposes and that AVANDIA would cause, and did cause, serious medical problems, and in some patients, serious, permanent heart injury.

///

- 2 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

9.

At all relevant times herein, Defendants, and each of them, at all times relevant herein, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce (including California) AVANDIA. Defendant McKesson has its principal place of business in San Francisco, California, and all said defendants do substantial business in the State of California, advertise in California, receive substantial compensation and profits from sales of AVANDIA in California.

## FACTUAL ALLEGATIONS

10.

In May 1999, Defendants, and each of them, sought and obtained Food and Drug Administration ("FDA") approval to market a drug manufactured, designed, distributed and sold by Defendants, and each of them, to diabetics purported to increase insulin sensitivity without causing serious effects, harm or injury.

11.

Defendants, and each of them, as a result of strenuous marketing of said drug, AVANDIA, were able to capture a significant share of the market and generate billions of dollars in income and profit as a consequence.

12.

Defendants, and each of them, have continued to reap substantial profits from said drug, AVANDIA, from May of 1999 to the present. By September 2005, Defendants, and each of them, knew, but had not disclosed, evidence from studies conducted fro 1999 through 2005 that demonstrated adverse cardiac events in consumers attributable to the drug. Although Defendants, and each of them, had an analysis of 42 patient studies of AVANDIA it failed to disclose the full results of the study to the FDA, doctors, and patients. The complete results of the study were not provided to the FDA for another year.

13.

During the year 2006, for the time the Defendants, and each of them, were aware of the study results, Defendants, and each of them, increased its sales of AVANDIA to a

- 3 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

distribution of approximately 13 (thirteen) million prescriptions in the United States. By way of example in 2006 a month's supply of AVANDIA cost between $90 and $200. Thereby Defendants, and each of them, were able to generate sales of $2.2 billion of this drug in 2006.

14.

At all relevant times herein, AVANDIA was widely advertised by the Defendants, and each of them, as an effective and safe treatment for diabetic patients. Said Defendants, and each of them, minimized the risks posed to diabetic patients by ingestion of AVANDIA. In August 2006, for the first time and as a result of external pressure, Defendants, and each of them, disclosed full and complete results of the study (as in paragraph 15 above) even though the Defendants, and each of them, were fully aware at least since September 2005 of adverse cardiac events due to the drug AVANDIA. Said Defendants, and each of them, concealed or minimized the known risks to diabetic patients by ingestion of AVANDIA.

15.

In doing so the Defendants, and each of them, concealed the known risks to diabetic patients and failed to warn of known and/or scientifically knowable dangers and risks associated with ingestion of AVANDIA.

16.

Plaintiff CHARLES FOWLER was prescribed and took AVANDIA commencing in January 2006 and continuing through July 2006. As set above in paragraph 14 the Defendants, and each of them, knew that the product was unsafe for diabetic patients in general and capable of causing and did cause adverse cardiac events in exposed patients. In spite of the knowledge of the dangerous characteristics of said drug, and with conscious disregard for the health and safety of the public and of exposed patients who were prescribed and took AVANDIA, Defendants, and each of them, placed said drug on the market intending it to be sold to and used by diabetic patients and knowing that said use would occur.

- 4 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

17.

Defendants, and each of them, continued with its sale of AVANDIA after the preliminary disclosure to the FDA in August 2005. Knowing that its drug caused adverse cardiac events and that the diabetic patient population was not informed of the dangers, Defendants, and each of them, continued to expand sales of AVANDIA to existing and new patients.

18.

On May 21, 2007, Dr. Steven Nissen, a prominent cardiologist associated with the Cleveland Clinic, published a study in the New England Journal of Medicine with his analysis of the 42 studies conducted since 1999. Dr. Nissen's study disclosed to the public the increased risk of congestive heart failure and heart attack by patients taking AVANDIA, dangers the Defendants, and each of them, had been aware of since at least 2005 and probably before.

19.

CHARLES FOWLER, while a resident of Shelby, North Carolina was initially prescribed AVANDIA in tablet form by his Family Practitioner beginning in January of 2006 when Defendants, and each of them, had failed to disclose to patients and their physicians the true dangers of adverse cardiac events caused by ingestion of the drug AVANDIA.

20.

At all times relevant herein, Defendants, and each of them, failed to provide sufficient warnings and instructions that would have put Plaintiff and the general public, on notice of the dangers and adverse effects caused by ingesting AVANDIA including, without limitation, to risk of heart attack, congestive heart failure, macular degeneration, stroke and other adverse events.

21.

AVANDIA as designed, manufactured, distributed, sold and/or supplied by Defendants, and each of them, was defective as marketed due to inadequate warnings,

- 5 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1  instructions, labeling and/or inadequate testing in the presence of Defendants' knowledge of

2  lack of cardiovascular safety.

3                                        22.

4       Defendants, and each of them, thereby acted with fraud, malice, oppression and a

5  conscious disregard for Plaintiff and general public's safety, who accordingly requests that

6  the trier of fact, in the exercise of sound discretion, award additional damages for the sake

7  of example and for the purpose of punishing the Defendants, and each of them, for their

8  conduct, in an amount sufficiently large to be an example to others and to deter the

9  Defendants, and each of them, and others from engaging in similar conduct in the future.

10  The aforesaid wrongful conduct was done with the advance knowledge, authorization,

11  and/or ratification of an officer, director, and/or managing agent of Defendants.

12                          **FIRST CAUSE OF ACTION**

13                    **[Strict Product Liability - Failure to Warn]**

14                                        23.

15       Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every

16  allegation contained in Paragraphs 1-22, inclusive, of this Complaint.

17                                        24.

18       Defendants manufactured, sold and/or distributed AVANDIA to Plaintiff

19  CHARLES FOWLER to be used to increase insulin sensitivity without causing serious

20  effects, harm, or injury.

21                                        25.

22       At all times mentioned herein, AVANDIA was dangerous and presented a

23  substantial danger to diabetic patients and these risks and dangers were known or knowable

24  at the time of manufacture, sale or distribution to Plaintiff CHARLES FOWLER in 2006.

25  Ordinary consumers would not have recognized the potential risks and dangers the

26  AVANDIA posed to cardiac patients because its uses were specifically promoted to

27  improve the health of diabetic patients. The AVANDIA was used in a way reasonably

28  foreseeable to all Defendants by Plaintiff CHARLES FOWLER. Defendants failed to

- 6 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

provide warnings of such risks and dangers to Plaintiff CHARLES FOWLER as described herein.

26.

As a result of the defective dangerous condition of AVANDIA manufactured and/or supplied by the Defendants, and each of them, Plaintiff CHARLES FOWLER suffered a stroke resulting in permanent damage to this brain and to his eyesite.

27.

As a result of Plaintiff CHARLES FOWLER ingestion of the defective AVANDIA, Plaintiff CHARLES FOWLER was caused to suffer the herein described injuries.

28.

In doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of the Defendants.

29.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [Negligence]

30.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-29, inclusive, of this Complaint.

31.

Defendants, and each of them, and their representatives were manufacturers and/or distributors of AVANDIA. At all times herein, Defendants, and each of them, had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid

-7-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1    product.

2                                          32.

3        Defendants, and each of them, so negligently and carelessly manufactured,

4    compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled,

5    distributed, recommended, displayed, sold, examined, failed to examine and supplied

6    aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was

7    intended, that is, increasing insulin sensitivity without causing serious injury, harm, or

8    effect including, but not limited to, death, in Plaintiff and others similarly situated. As a

9    result of the carelessness and negligence of Defendants, and each of them, Plaintiff

10   CHARLES FOWLER ingested the AVANDIA in the manner intended by the manufacturer,

11   and, as a result, Plaintiff suffered the injuries and damages described herein.

12                                         33.

13       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

14   as hereinafter set forth.

15                            **THIRD CAUSE OF ACTION**

16                            **[Breach of Implied Warranty]**

17                                         34.

18       Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every

19   allegation contained in Paragraphs 1-33, inclusive, of this Complaint.

20                                         35.

21       Defendants, and each of them, impliedly warranted that its AVANDIA, which

22   Defendants, and each of them, designed, manufactured, assembled, promoted, sold and

23   distributed to Plaintiff were merchantable and fit and safe for ordinary use. Defendants, and

24   each of them, further impliedly warranted that its AVANDIA was fit for the particular

25   purpose of increasing insulin sensitivity in diabetic patients without causing serious harm,

26   injury or effect.

27                                         36.

28       Defendants' AVANDIA was defective, unmerchantable, and unfit for ordinary use

                                          - 8 -
                   COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

when sold, and unfit for the particular purpose for which they were sold, and subjected Plaintiff to severe and permanent injuries. Therefore, Defendants, and each of them, breached the implied warranties of merchantability and fitness for a particular purpose when AVANDIA was sold to Plaintiff, in that the AVANDIA is defective and has failed to increase insulin sensitivity without serious harm in diabetic patients as represented and intended.

37.

As a result of Defendants, and each of them, breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff CHARLES FOWLER has sustained and will continue to sustain the injuries and damages described herein and is therefore entitled to compensatory damages.

38.

After Plaintiff was made aware his injuries were a result of the aforesaid product, AVANDIA, Defendants, and each of them, had ample and sufficient notice of breach of said warranty.

39.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**[Breach of Express Warranty]**

40.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-39, inclusive, of this Complaint.

41.

Defendants, and each of them, expressly warranted to Plaintiff and/or his authorized agents or sales representatives, in publications, and other communications intended for medical patients, and the general public, that AVANDIA was safe, effective, fit and proper for its intended use.

- 9 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

42.

Plaintiff CHARLES FOWLER and Plaintiff's physicians reasonably relied upon the skill and judgment of Defendants, and each of them, and upon said express warranty, in using the aforesaid product. The warranty and representations were untrue in that the product caused severe injury to Plaintiff CHARLES FOWLER and was unsafe and, therefore, unsuited for the use in which it was intended and caused Plaintiff CHARLES FOWLER to sustain damages and injuries herein alleged.

43.

As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

44.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### [Fraud]

45.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-44, inclusive, of this Complaint.

46.

Defendants, and each of them, falsely and fraudulently represented to Plaintiff CHARLES FOWLER, his physicians, and to members of the general public that the aforesaid product was safe, effective, reliable, consistent, and better than the other similar products due to its ability to increase insulin sensitivity without causing serious harm when used in the manner intended by the manufacturer. The representations by said Defendants, and each of them, were in fact, false. The true facts include, but are not limited to the fact that the aforesaid product was not safe to be used and was, in fact, dangerous to the health and body of Plaintiff CHARLES FOWLER.

- 10 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

47.

When the Defendants, and each of them, made these representations, they knew that they were false. Defendants, and each of them, made said representations with the intent to defraud and deceive Plaintiff CHARLES FOWLER, with the intent to induce plaintiff to act in the manner herein alleged, that is to use the aforementioned product for increasing insulin sensitivity.

48.

At the time Defendants, and each of them, made the aforesaid representations Plaintiff CHARLES FOWLER took the actions herein alleged, Plaintiff and his physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as herein described. If Plaintiff CHARLES FOWLER had known the actual facts, he would not have taken such action. The reliance of Plaintiff and his physicians upon Defendants, and each of them, representations were justified because said representations were made by individuals and entities who appeared to be in a position to know the true facts.

49.

As a result of Defendants, and each of them, fraud and deceit, Plaintiff was caused to sustain the herein described injuries and damages.

50.

In doing the acts herein alleged, the Defendants, and each of them, acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendants.

51.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

- 11 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL



## SIXTH CLAIM FOR RELIEF

### [Fraud by Concealment]

52.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-51, inclusive, of this Complaint.

53.

At all times mentioned herein, Defendants, and each of them, had the duty and obligation to disclose to Plaintiff and to his physicians, the true facts concerning the aforesaid product, AVANDIA, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including serious and permanent injuries to the heart.  Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff and his physicians and the general public prior to the date AVANDIA was ingested by Plaintiff CHARLES FOWLER, while concealing material facts.

54.

At all times herein mentioned, Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiff and his physicians, and therefore, Plaintiff, with the intent to defraud as herein alleged.

55.

At all times herein mentioned, neither Plaintiff nor his physicians were aware of the facts set forth above, and had they been aware of said facts, he would not have acted as he did, that is, would not reasonably relied upon said representations of safety and efficacy and utilized the AVANDIA for increasing insulin sensitivity. Defendants' representations were a substantial factor in Plaintiff utilizing AVANDIA for increasing insulin sensitivity.

56.

As a result of the concealment of the facts set forth above, Plaintiff sustained injuries as hereinafter set forth.

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

57.

In doing the action herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and sufficiently large to be an example to others, and to deter these Defendants, and each of them, and others from engaging in similar conduct in the future.

58.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### [Negligent Misrepresentation]

59.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-58, inclusive, of this Complaint.

60.

At all relevant times herein, Defendants, and each of them, represented to Plaintiff CHARLES FOWLER and his physicians that the AVANDIA was safe to use to increase insulin sensitivity knowing that the AVANDIA was defective in causing injuries described herein.

61.

The Defendants, and each of them, made the aforesaid representations with no reasonable ground for believing them to be true when defendants own data showed the AVANDIA to be defective and dangerous when used in the intended manner.

62.

The aforesaid representations were made to the physician prescribing AVANDIA prior to the date it was prescribed to Plaintiff and his physicians with the intent that Plaintiff and his physicians rely upon such misrepresentations about the safety and efficacy of AVANDIA. Plaintiff and his physicians did reasonably rely upon such representations that

- 13 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

the aforesaid product was safe for use to aid in the treatment of increasing insulin sensitivity.

### 63.

The representations by said Defendants, and each of them, to Plaintiff were false, and thereby caused Plaintiff's injuries described herein.

### 64.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

### 65.

Plaintiff prays that a judgment be entered in favor of Plaintiff in such aggregate sum as will fairly and reasonably compensate Plaintiff for damages arising out of Defendants, and each of them, conduct as described herein. The conduct of Defendants, and each of them, as alleged herein, was a direct, proximate and producing cause of the damages to Plaintiff and the following general and specific damages:

1.    For general damages in a sum within the jurisdiction of this Court;

2.    For medical, hospital, and incidental expenses, according to proof;

3.    For loss of earnings and for loss of earning capacity, according to proof;

4.    For punitive or exemplary damages;

5.    For such other relief as the Court deems just and proper.

DATED:    February 28, 2008.

HERSH & HERSH
A Professional Corporation


By _____
CYNTHIA BROWN
Attorneys for Plaintiff

- 14 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

1    DONALD F. ZIMMER, JR. (State Bar No. 112279)
2    KRISTA L. COSNER (State Bar No. 213338)
     DRINKER BIDDLE & REATH LLP
3    50 Fremont Street, 20th Floor
     San Francisco, California 94105
4    Telephone: (415) 591-7500
     Facsimile: (415) 591-7510

5    Attorneys for Defendants
6    SMITHKLINE BEECHAM CORPORATION dba
     GLAXOSMITHKLINE and McKESSON
7    CORPORATION

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 0 1 2008

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
                    Deputy Clerk

8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN FRANCISCO

11   CHARLES FOWLER,                    Case No. CGC-08-472715

12                  Plaintiff,          **ANSWER TO COMPLAINT BY
                                        DEFENDANTS SMITHKLINE
13         v.                           BEECHAM CORPORATION dba
                                        GLAXOSMITHKLINE AND
14   SMITHKLINE BEECHAM                 McKESSON CORPORATION**
     CORPORATION dba
15   GLAXOSMITHKLINE; McKESSON
     PHARMACY SYSTEMS; and DOES 1
16   through 15, inclusive,

17                  Defendants.

18                          **INTRODUCTION**

19         Defendants SMITHKLINE BEECHAM CORPORATION dba

20   GLAXOSMITHKLINE ("GSK") and McKESSON CORPORATION (improperly sued

21   as McKesson Pharmacy Systems) ("McKesson") (collectively, the "Defendants"), by and

22   through counsel, hereby respond to the allegations set forth by CHARLES FOWLER

23   ("Plaintiff") in his Complaint for Damages (the "Complaint") as follows:

24                         **GENERAL DENIAL**

25         By virtue of the provisions of California Code of Civil Procedure §431.30,

26   Defendants generally deny each and every allegation in the unverified Complaint that

27   relates to or is directed to Defendants or any of their alleged agents, servants or

28   employees. Defendants further deny that Plaintiff has been damaged to any extent or

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\396251\1                          ANSWER TO COMPLAINT

1   amount or is entitled to any relief whatsoever from Defendants.

2       Defendants additionally deny that there is any law, fact, theory or contractual or

3   legal relationship under which Plaintiff is entitled to damages in any amount by these

4   answering Defendants.

5       Defendants further allege the following affirmative defenses to Plaintiff's

6   Complaint:

7                          **AFFIRMATIVE DEFENSES**

8                        **FIRST AFFIRMATIVE DEFENSE**

9                              **(Improper Venue)**

10  Venue is improper.

11                      **SECOND AFFIRMATIVE DEFENSE**

12  **(Insufficiency of Process and Insufficiency of Service of Process)**

13  Process and service of process are insufficient under California law.

14                       **THIRD AFFIRMATIVE DEFENSE**

15                          **(Failure to State a Claim)**

16  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

17                      **FOURTH AFFIRMATIVE DEFENSE**

18                     **(Preemption/Primary Jurisdiction)**

19      Plaintiff's claims are barred and/or this Court should defer this matter, in whole or

20  in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under

21  the law with regulating prescription drugs, including Avandia®, and is specifically

22  charged with determining the content of the warnings and labeling for prescription drugs.

23  The granting of the relief prayed for in the Plaintiff's Complaint would impede, impair,

24  frustrate or burden the effectiveness of such federal law and would violate the Supremacy

25  Clause (Art. VI, cl. 2) of the United States Constitution.

26                       **FIFTH AFFIRMATIVE DEFENSE**

27                     **(Statute of Limitations/Repose)**

28  Discovery may show that Plaintiff's claims are barred, in whole or in part, by

1  applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a

2  result of the failure to allege and/or comply with conditions precedent to applicable

3  periods of limitations and repose.

### SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

6       Plaintiff knowingly and voluntarily assumed any and all risks as to matters alleged

7  in the Complaint, and such assumption of the risk bars in whole or in part the damages

8  Plaintiff seeks to recover herein.

### SEVENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence)

11       At all times mentioned herein, Plaintiff was negligent, careless, and at fault and

12  conducted himself so as to contribute substantially to any alleged risk of injuries and

13  damages. Said negligence, carelessness and fault of Plaintiff bars in whole or in part the

14  damages which Plaintiff seeks to recover herein.

### EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

17       Plaintiff's claims are barred by the doctrine of laches, estoppel, waiver, unclean

18  hands and/or failure to preserve evidence.

### NINTH AFFIRMATIVE DEFENSE

### (Improper Party Defendant)

21       McKesson is not a proper party defendant to this action. McKesson was not

22  involved with Avandia®, a product of GSK.

### TENTH AFFIRMATIVE DEFENSE

### (Intervening, Superseding Cause)

25       The damages allegedly sustained by Plaintiff, if any, were not legally caused by

26  Defendants, but instead were legally caused by intervening and superseding causes or

27  circumstances.

28

1

2

### ELEVENTH AFFIRMATIVE DEFENSE

### (Pre-existing Condition or Idiosyncratic Reaction)

3       The risk of injuries, if any, resulted from a pre-existing and/or related medical

4   condition and/or idiosyncratic reaction and not from any act or omission by or on behalf

5   of Defendants.

6                       ### TWELFTH AFFIRMATIVE DEFENSE

7                           ### (Fault of Others)

8       Plaintiff's alleged injuries, losses, or damages, if any, were caused by the actions

9   negligence, carelessness, fault, strict liability, or omissions of third parties for which

10  Defendants have no control or responsibility.

11                      ### THIRTEENTH AFFIRMATIVE DEFENSE

12                          ### (Learned Intermediary)

13      Plaintiff's claims are barred in whole or in part by the learned-intermediary

14  doctrine.

15                      ### FOURTEENTH AFFIRMATIVE DEFENSE

16                      ### (Compliance with FDA Regulations)

17      At all times relevant, the product was in accordance with and pursuant to all

18  applicable statutes and regulations, including those of the Food and Drug Administration.

19                      ### FIFTEENTH AFFIRMATIVE DEFENSE

20              ### (Immunity for Prescription Drugs and Medical Devices)

21      The Complaint and each cause of action thereof are barred by the doctrine of

22  immunity for prescription drugs and medical devices, by the Commerce Clause, Article I,

23  Section 8, of the Constitution of the United States as an undue burden upon interstate

24  commerce and/or by the preemption doctrine in that Plaintiff has asserted claims for

25  relief which, if granted, would constitute an impermissible burden by this court on federal

26  laws, regulations and policy relating to the development and marketing of prescription

27  drugs and medical devices in violation of the Supremacy Clause, Article IV, Clause 2 of

28  the Constitution of the United States.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Restatements of Torts)

Defendants affirmatively plead the application of the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto. Adequate warnings and complete warnings were provided to Plaintiff's prescribing physician, and therefore, the product was not defective or unreasonably dangerous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (State of the Art)

At all times material hereto, Defendants' conduct and GSK's product, Avandia®, conformed to the state of the art.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Limitations on Punitive Damages)

With respect to Plaintiff's demand for punitive or exemplary damages, Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive and Exemplary Damages Not Proper)

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a.    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden

1    of proof which is less than the "beyond a reasonable doubt" burden of proof required in

2    criminal cases;

3        b.    the procedures pursuant to which punitive damages are awarded may result

4    in the award of joint and several judgments against multiple defendants for different

5    alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection

6    Clauses of the Fourteenth Amendment to the United States Constitution;

7        c.    the procedures pursuant to which punitive damages are awarded fail to

8    provide a reasonable limit on the amount of the award against defendant, which thereby

9    violates the Due Process Clause of the Fourteenth Amendment to the United States

10   Constitution;

11       d.    the procedures pursuant to which punitive damages are awarded fail to

12   provide specific standards for the amount of the award of punitive damages which

13   thereby violates the Due Process Clause of the Fourteenth Amendment to the United

14   States Constitution;

15       e.    the procedures pursuant to which punitive damages are awarded result in

16   the imposition of different penalties for the same or similar acts, and thus violate the

17   Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

18       f.    the procedures pursuant to which punitive damages are awarded permit the

19   imposition of punitive damages in excess of the maximum criminal fine for the same or

20   similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and

21   Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment

22   to the United States Constitution;

23       g.    the procedures pursuant to which punitive damages are awarded permit the

24   imposition of excessive fines in violation of the Eighth Amendment to the United States

25   Constitution;

26       h.    the award of punitive damages to plaintiff in this action would constitute a

27   deprivation of property without due process of law; and

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

6

1       i.    the procedures pursuant to which punitive damages are awarded permit the

2 imposition of an excessive fine and penalty

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Failure to Warn)

Defendants at all times discharged any duty to warn through appropriate and

adequate warnings in accordance with federal statutes and regulations and with the then-

existing states of medical and scientific knowledge.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Plead Fraud with Particularity)

Plaintiff has failed to plead a cause of action for fraud as they have not set forth

allegations of fraud with the requisite particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Product Safety)

At all times relevant, Avandia® was not unreasonably dangerous or defective.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Failure to Join Necessary Party)

Complete relief cannot be accorded among those already parties and, in the

alternative, the disposition of this action without the presence of additional, unnamed

persons may result in Defendants being subject to a substantial risk of incurring double,

multiple, or otherwise inconsistent obligations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Set Off)

Defendants plead as a set off any monies received by Plaintiff for injuries or

damages attributed to the subject incident, including, but not limited to, any insurance

proceeds.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Causation)

Defendants assert that their conduct did not cause, proximately cause, solely

cause, or solely proximately cause the injuries and/or damages alleged by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants' acts were at all times done in good faith and without malice, with respect to each and every purported cause of action in Plaintiff's Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unintentional Acts)

Any alleged act or omission by Defendants concerning the manufacture, distribution, marketing, and/or sale of Avandia® and/or any other conduct in relation thereto was at all times unintentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and Defendants made an appropriate correction, repair, replacement, or remedy to the goods once notified of the error.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Conformity with Medical Knowledge)

With respect to each and every purported cause of action in Plaintiff's Complaint, Defendants allege that the methods, standards, and techniques in the preparation of GSK's product, Avandia®, were and are in conformity with the generally recognized state of medical knowledge, common and accepted procedure in the medical field, and state of the art at the time of their preparation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

In the event Defendants are held liable to Plaintiff, which liability is expressly denied, and any other entity is also found liable, Defendants are entitled to a percentage contribution of the total liability from said entity in accordance with principles of equitable indemnity and comparative contribution.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\396251\1

## THIRTIETH AFFIRMATIVE DEFENSE

### (Proposition 51)

The liability of Defendants, if any, for Plaintiff's non-economic loss must be apportioned in accordance with the provisions of California Civil Code § 1431.2 ("Proposition 51").

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Notice of Breach of Warranty)

Plaintiff failed to give notice of any alleged breach of warranty.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Disclaimer of Warranty)

Defendants allege that any and all warranties that may form a basis for Plaintiff's claims for relief were adequately disclaimed as stated by Defendants.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

Defendants deny that Plaintiff relied on any warranties alleged in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unavoidable Circumstances)

The alleged injuries and/or damages of Plaintiff, if any, were the result of unavoidable circumstances that could not have been prevented by anyone.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Misuse)

If Plaintiff sustained injuries or risk of injuries in this action, which allegations are expressly denied, the injuries or risk of injuries were solely caused by and attributable to the unintended, unreasonable, and improper use which Plaintiff made of the product.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Strict Liability for Prescription Drugs)

The strict liability causes of action of Plaintiff's Complaint are subject to the limitations placed upon the doctrine of strict product liability for a purported design defect as set forth in *Brown v. Superior Court*, 44 Cal. 3d. 1049 (1988) and its progeny.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (*Buckman v. Plaintiff's Legal Community*)

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman v. Plaintiff's Legal Community*, 531 U.S. 341 (2001).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

## FORTIETH AFFIRMATIVE DEFENSE

### (Choice of Law)

(a) Plaintiff's claims are not governed by the laws of the State of California.

(b) Defendants are entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any other state whose substantive law might control the action.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Other Defenses)

Defendants hereby give notice that they intend to rely upon any other affirmative defenses pled by any other defendant and not pled by themselves in this action to the extent they do not conflict with Defendants' own affirmative defenses. Defendants reserve their right to amend their Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

1

## JURY DEMAND

2    Defendants request a trial by jury of this matter.

3

## PRAYER FOR RELIEF

4    WHEREFORE, Defendants pray:

5    1.    That the Complaint be dismissed with prejudice as to the answering

6    Defendants and that judgment be entered in their favor;

7    2.    For costs of suit incurred herein;

8    3.    And for such other relief as the Court may deem just and appropriate.

9

10

Dated: April 1, 2008                        DRINKER BIDDLE & REATH LLP

11

12

13                                          DONALD F. ZIMMER, JR.
                                            KRISTA L. COSNER

14                                          Attorneys for Defendants
15                                          SMITHKLINE BEECHAM
                                            CORPORATION dba
16                                          GLAXOSMITHKLINE and McKESSON
                                            CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2     I, LEE ANN L. ALLDRIDGE, declare that:

3     I am at least 18 years of age, and not a party to the above-entitled action. My

4  business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,

5  Telephone: (415) 591-7500.

6     On April 1, 2008, I caused to be served the following document(s):

7  **ANSWER TO COMPLAINT BY DEFENDANTS SMITHKLINE BEECHAM
8  CORPORATION dba GLAXOSMITHKLINE AND McKESSON CORPORATION**

9  by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as
   follows:

10  ☑   BY MAIL: I am readily familiar with the business' practice for collection and
11      processing of correspondence for mailing with the United States Postal Service. I
        know that the correspondence is deposed with the United States Postal Service on
12      the same day this declaration was executed in the ordinary course of business. I
        know that the envelope was sealed, and with postage thereon fully prepaid, placed
13      for collection and mailing on this date, following ordinary business practices, in the
        United States mail at San Francisco, California.

14  ☐   BY PERSONAL SERVICE: I caused such envelopes to be delivered by a
15      messenger service by hand to the address(es) listed below:

16  ☐   BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a
        Federal Express envelope, addressed as follows:

17  ☐   BY FACSIMILE: I caused such documents to be transmitted by facsimile
18      transmission and mail as indicated above. _____

19      Nancy Hersh
        Mark E. Burton, Jr.
20      Rachel Abrams
        Cynthia Brown
21      HERSH & HERSH
        601 Van Ness Avenue, Suite 2080
22      San Francisco, CA 94102
        Telephone: (415) 441-5544

23

24     I declare under penalty of perjury under the laws of the State of California that the

25  above is true and correct. Executed on April 1, 2008 at San Francisco, California.

26                                          _____
                                            LEE ANN L. ALLDRIDGE
27

28

# EXHIBIT C

10/18/2007 16:21 FAX 202502┆ ⸱ ⸱ ＿＿＿＿＿ JPML     ⓐ002

**MDL 1871**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

7:23 am, Oct 16, 2007

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

| | | |
|---|---|---|
| Sharon Ann Dabon v. GlaxoSmithKline, Inc., | ) | |
| E.D. Louisiana, C.A. No. 2:07-3041 | ) | MDL No. 1871 |
| Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al., | ) | |
| D. Puerto Rico, C.A. No. 3:07-1461 | ) | |

### TRANSFER ORDER

Before the entire Panel[*]: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] The Panel has been notified of 28 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

# OFFICIAL FILE COPY

IMAGED OCT 1 6 2007

PLEADING NO. 22

- 2 -

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*    J. Frederick Motz
Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  Anthony J. Scirica

# EXHIBIT D

1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
   KRISTA L. COSNER (State Bar No. 213338)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
   SMITHKLINE BEECHAM CORPORATION dba
6  GLAXOSMITHKLINE and McKESSON
   CORPORATION
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 | DOROTHY BONE; DAVID COOK;        Case No.
   | JESUS COTA; JO ELLEN GARNER;
13 | BARRON GATTA; CATHY GRAY;        **DECLARATION OF GREG YONKO IN**
   | FRANKLIN JENKINS; GREGORY        **SUPPORT OF NOTICE OF REMOVAL**
14 | RODRIGUEZ; ROBERT RODRIGUEZ;     **AND REMOVAL ACTION, UNDER 28**
   | ROGER TAVARES; LAVIOLA           **U.S.C. § 1441(B) (DIVERSITY) and 28**
15 | TOWNSEND,                        **U.S.C. § 1441(C) (FEDERAL**
   |                                  **QUESTION) OF DEFENDANT**
16 |            Plaintiffs,           **SMITHKLINE BEECHAM**
   |                                  **CORPORATION dba**
17 | v.                               **GLAXOSMITHKLINE**

18 SMITHKLINE BEECHAM
   CORPORATION dba
19 GLAXOSMITHKLINE and McKESSON
   CORPORATION,
20
              Defendants.
21

22          I, GREG YONKO, declare:

23          1.    I am Senior Vice President - Purchasing for McKesson Corporation

24 ("McKesson"), and make this declaration in support of the Notice of Removal and

25 Removal Action of defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline

26 ("GSK") based on my personal knowledge.

27          2.    I have been in my current position since 1997, and have been employed by

28 McKesson for over 25 years. As Vice President of Purchasing, I am responsible for

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   purchasing prescription and non-prescription branded product management and
2   investment purchasing.

3       3.   McKesson was and is a Delaware corporation, with its principal place of
4   business in San Francisco, California.

5       4.   McKesson was served with the Summons and Complaint in this action on
6   October 24, 2007.

7       5.   McKesson consents to the removal of this action.

8       6.   McKesson is a wholesale distributor of pharmaceuticals, over-the-counter
9   and health and beauty products to chains, independent pharmacy customers and hospitals.
10  As a wholesale distributor, McKesson distributes products manufactured by others. As to
11  Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or
12  package, these products, nor does it make any representations or warranties as to the
13  product's safety or efficacy.

14      7.   McKesson distributed Avandia®, manufactured by GSK, along with many
15  other products of other pharmaceutical companies, to certain drug stores, pharmacies,
16  health care facilities and hospitals throughout the United States. As stated above,
17  McKesson did not manufacture, produce, process, test, encapsulate, label, or package
18  Avandia®, but only delivered the unopened boxes that contained the drug.

19      8.   McKesson is one of many suppliers who could have supplied Avandia® to
20  the numerous pharmacies throughout the United States.

21      I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct, and this declaration was executed on November 16, 2007 in
23  San Francisco, California.

24
25                                      GREG YONKO
26
27
28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3917301                DECLARATION OF GREG YONKO IN SUPPORT OF REMOVAL          CASE NO.

2